NO. 2010-60150-393

| | | |
|---|---|---|
| **MARK DISANTI** § | | IN THE DISTRICT COURT |
| Plaintiff, § | | |
| § | | |
| V. § | | 343 JUDICIAL DISTRICT |
| § | | |
| **MORTGAGE ELECTRONIC** § | | |
| **REGISTRATION SYSTEMS, INC.** § | | |
| § | | |
| § | | |
| Defendant. § | | OF DENTON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Mark DiSanti, hereinafter called Plaintiff, complaining of and about Mortgage Electronic Registration Systems, Inc., hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiff, Mark DiSanti, is a person living in the State of Texas and does business in Denton County.

3. Defendant Mortgage Electronic Registration Systems, Inc., (hereinafter MERS) is a Delaware Corporation doing business in the State of Texas, and may be served with process of service upon the Secretary of State pursuant to CPRC Sections 17.044(a)(3)(b) as the Defendant engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. Defendant may be served by service of

EXHIBIT C-1

process on the Secretary of State pursuant to CPRC Section 17.045 by service at its home office address at 1818 Library Street, Suite 300, Reston, Virginia 20190.

## JURISDICTION AND VENUE

5.  The subject matter in controversy is within the jurisdictional limits of this court.

6.  This court has jurisdiction over Defendant Mortgage Electronic Registration Systems, Inc., because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Mortgage Electronic Registration Systems, Inc. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7.  Furthermore, Plaintiff would show that Defendant Mortgage Electronic Registration Systems, Inc. engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas.

8.  Venue in Denton County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.011 of the Texas Civil Practice and Remedies Code because this action involves real property as provided by said Section, and this county is where all or part of the real property is located.

## FACTS

9.  This suit involves real property located in Denton County, with a local address of 930 Excalibur Drive, Highland Village, TX 75077 and more particularly described as follows:

BEING LOT 1, IN BLOCK J, OF CASTLEWOOD SECTION THREE I-D, AN ADDITION

TO THE CITY OF HIGHLAND VILLAGE, TEXAS, ACCORDING TO THE MAP THEREOF RECORDED IN CABINET S, SLIDE 392, OF THE PLAT RECORDS OF DENTON COUNTY, TEXAS.

10. The property was purchased by Reginald Swinton. A Deed with Vendor's Lien was executed on January 29, 2004 and filed and recorded on or about February 4, 2004 and recorded as instrument number 2004-14349.

11. A Deed of Trust in the amount of $373,050 payable to Argent Mortgage Company LLC dated September 29, 2006, was filed on October 12, 2006 and recorded in instrument number 2006-126882.

12. A Homestead Lien Contract and Deed of Trust dated October 3, 2006 was filed on October 30, 2006 as instrument number 2006-133519.

13. An Assignment of Deed Of Trust from Argent Mortgage Company LLC to MERS dated October 4, 2006 and was filed on August 17, 2007, as instrument number 2007-3610.

14. A Deed of Trust in the amount of $373,050 dated September 29, 2006 was filed on January 9, 2007 as instrument number 2007-3610.

15. An Affidavit as to Notice of Foreclosure and Notice of Assessment Lien Sale Reginald Swinton and Patricia Swinton for violations of the Homeowners Association Declaration was filed on or about August 27, 2009.

16. On or about October 6, 2009, the Castlewood Homeowners Association, Inc., (hereinafter the "Association") the mandatory homeowner's association, holding a lien upon the property, conducted a foreclosure sale upon the property to foreclose its lien and to collect upon past due fees and assessments owing to the Association by the owner of the property.

17. Plaintiff was the highest bidder at the foreclosure sale, and Plaintiff's bid was

accepted by the authorized representative of the Association. Plaintiff paid the amount bid and accepted delivery of a Deed conveying him title to the property. Plaintiff recorded his Assessment Lien Deed on October 9, 2009 as instrument number 2009-119945.

## DECLARATORY JUDGMENT REQUIRED

18. The lien created by the Deed of Trust in favor of Defendant remains of record and creates a cloud upon the title to the property now owned by the Plaintiff.

19. As the purchaser of the property at a foreclosure sale of an inferior lien on the property, Plaintiff has the obligation or right to service any existing superior lien and is entitled to verify that such lien still affects the property.

20. Plaintiff requests a judicial declaration by this Court that in the event that Defendant fails to answer this lawsuit or fails to verify the validity of the Deed of Trust or Special Warranty Deed with Vendor's Lien In Favor of Third Party be discharged and extinguished and of no force and effect.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Mark DiSanti, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff and that Plaintiff recover all relief requested herein and for such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,
Law Offices of Jerry Goh

By: _____
Jerry Goh
Texas Bar No. 00795378
13601 Preston Rd., Suite 1000E
Dallas, TX 75240
Tel. (972) 991-9188
Fax. (972) 991-8008
Attorney for Plaintiff
Mark DiSanti